No. 04-96-00900-CR



Gary Keith ROGERS,


Appellant



v.



The STATE of Texas,


Appellee



From the 290th Judicial District Court, Bexar County, Texas


Trial Court No. 95-CR-6328


Honorable Sharon MacRae, Judge Presiding



Opinion by: Sarah B. Duncan, Justice


Sitting: Tom Rickhoff, Justice

 Alma L. López, Justice

 Sarah B. Duncan, Justice


Delivered and Filed: August 5, 1998


AFFIRMED


 In one point of error, Gary Keith Rogers challenges the punishment assessed after he pled
guilty to a jury to the offense of aggravated sexual assault on a child. Rogers contends the trial court
abused its discretion in failing to grant his motion for new trial based on the misconduct of a juror,
whom Rogers claims failed to truthfully answer questions posed to her on voir dire, thus denying
him the ability to intelligently exercise his peremptory challenges. We disagree and affirm the trial
court's judgment.

Factual and Procedural Background


 Rogers' six year-old niece disclosed that Rogers had been sexually molesting her and her ten
year-old brother for a period of over a year. Rogers was subsequently indicted and charged with five
counts of aggravated sexual assault, five counts of indecency with a child by sexual contact, and six
counts of indecency with a child by exposure. He pled guilty to the jury on one count of aggravated
sexual assault of a child and, to preserve his ability to ask for probation, elected to have the jury
assess punishment. The jury did so, assessing fifty years confinement in the Texas Department of
Criminal Justice's Institutional Division and a fine of $10,000.00. Dissatisfied with the jury's
verdict, Rogers filed a motion for new trial alleging T.M., the venire member who later became the
foreperson, intentionally withheld on voir dire that she had been a victim of sexual abuse as a child.
The trial court denied the motion and Rogers perfected this appeal.

Standard of Review


 We review a trial judge's determination of matters involving alleged jury misconduct raised
at a hearing on a motion for new trial for abuse of discretion. Beck v. State, 573 S.W.2d 786, 791
(Tex. Crim. App. [Panel Op.] 1978). Under the abuse of discretion standard, we may "reverse so
long as the trial court's ruling 'is within the realm of reasonableness given the record before it.'"
McGinn v. State, 961 S.W.2d 161, 163 (Tex. Crim. App. 1998) (quoting Anderson v. State, 932
S.W.2d 502, 506 (Tex. Crim. App.1996)).


Discussion


 Rogers argues he is entitled to a new trial because the jury foreperson, T.M., failed to
disclose she had been a victim of some type of sexual misconduct as a child in response to certain
questions asked by the State and by Rogers' trial counsel during voir dire. We disagree.

 As recently explained by the Texas Court of Criminal Appeals:


 The voir dire process is designed to insure, to the fullest extent possible, that an
intelligent, alert, disinterested, impartial, and truthful jury will perform the duty
assigned to it. When a juror withholds material information in the voir dire process,
the parties are denied the opportunity to exercise their challenges, thus hampering
their selection of a disinterested and impartial jury. However, defense counsel has an
obligation to ask questions calculated to bring out that information which might be
said to indicate a juror's inability to be impartial and truthful. Unless defense counsel
asks such questions, the material information which a juror fails to disclose is not
really "withheld."


Armstrong v . State, 897 S.W.2d 361, 363-364 (Tex. Crim. App. 1995) (citations omitted). In
Armstrong, the trial judge asked the venire whether any of them "were so well connected with [the
county attorney or a member of his staff] or acquainted or associated with them that it might affect
your verdict?" Id. at 362. The venire member who later became the jury's foreperson did not
respond, even though she had known the county attorney for twenty-six years, her husband and the
county attorney had been one another's best man, and her husband had been the county attorney's
campaign treasurer during trial and in a previous campaign, because she did not believe her
relationship with the county attorney would affect her ability to be a fair and impartial juror. Id. at
363. The court held no response was appropriate because the question was a subjective one, and the
juror did not believe her relationship with the county attorney would affect her consideration of the
case. See id. at 363, 364 n.1, n.2.

 As demonstrated by Armstrong, our first task in resolving Rogers' complaint is to determine
whether any of the questions asked during voir dire required T.M. to disclose she had been a victim
of some type of sexual misconduct as a child. We take the questions in the order in which they were
asked.

Question 1


 At the beginning of voir dire, the court informed the jury panel that Rogers was charged with
the offense of aggravated sexual assault upon a child younger than fourteen years of age. No further
details of the offense were disclosed to the panel. During the State's voir dire, however, the
prosecutor asked:

 Who here has had something like this sexual assault of a child happen to them or to
a close family member, somebody so close to you that this is going to really affect
you as a juror?


Rogers argues this question required T.M. to disclose she had been sexually abused as a child. We
disagree.

 As reflected in the record of the new trial hearing, the State, T.M., and juror Rayniak all
understood this question to be a subjective one, requiring a response only if something had happened
to the juror or to a close family member that would affect the juror's ability to serve. And T.M.
testified she did not respond to this question because, although she had been fondled as a child by
the grandson of the woman who babysat her, she "didn't think it was a problem" because the
prosecutor's question asked "whether or not it would affect [her] judgment," and "[i]t did not affect
[her] judgment. The facts affected [her] judgment." T.M. also testified she did not believe
"something like this sexual assault" had happened to her, either during voir dire or the new trial
hearing, because she equated sexual assault with penetration, and this had not happened to her.(1)
 In
light of this record, we cannot hold the trial court abused its discretion in denying Rogers' motion
with respect to this question.

Question 2


 Rogers also argues the following question, also asked by the State, required T.M. to disclose
she had been sexually assaulted as a child:

 Anybody here have a question over what we've gone over? Anything you need to tell me
now? Any reason why you may or may not be appropriate for this case?


We again disagree. These questions clearly required the venire members to make their own
subjective determinations of whether there was any reason they should not serve, and the trial court's
denial of Rogers' motion for new trial subsumes a finding that T.M.'s failure to respond reflected
her honest belief that her ability to serve would not be affected by her prior experience. Nothing in
the record suggests the trial court abused its discretion in so finding.

Question 3


 Finally, Rogers argues T.M. was required to disclose she would not give probation in a
sexual assault case in response to this question asked by his trial counsel:

 Is there anybody here who for whatever reason, personal, philosophical or religious,
could not consider probation in a [sic] aggravated sexual assault case?


We disagree. As juror Rayniak ultimately conceded, and as T.M.'s testimony establishes, T.M.'s
comments regarding probation during deliberations were made in light of the evidence presented at
trial and did not reflect her general feelings regarding giving probation in a case of aggravated sexual
assault. The trial court thus did not abuse its discretion in denying Rogers' motion with respect to
this ground.

Conclusion


 T.M. did not withhold material information during voir dire, nor does the record even reflect
T.M. exerted any particular influence over the jury deliberations.(2) We therefore overrule Roger's
point of error and affirm the judgment.


 Sarah B. Duncan, Justice

Do Not Publish

1. Although T.M. erroneously limited sexual assault to penetration, she was correct in distinguishing sexual
assault and fondling. See and compare, Tex. Pen. Code Ann. § 21.11(a)(1), (c) (Vernon 1994) (engaging in sexual
contact with a child under seventeen is the offense of indecency with a child and is a second degree felony); Tex. Pen.
Code Ann. § 21.01(2) (Vernon 1994) ("Sexual contact" is "any touching of the anus, breast, or any part of the genitals
of another person with intent to arouse or gratify the sexual desire of any person"); Tex. Pen. Code Ann. § 22.011
(Vernon 1994 and Vernon Supp. 1998) ("sexual assault" is the penetration of the anus or female sexual organ by any
means; penetration of the mouth of the victim by the sexual organ of the actor; causing the victim's sexual organ to
contact or penetrate the mouth, anus, or sexual organ of another; and, if the victim is under seventeen and not the spouse
of the actor, causing the anus of the victim to contact the mouth, anus, or sexual organ of another and causing the mouth
of the victim to contact the anus or sexual organ of another); Tex. Pen. Code Ann. § 22.021 (Vernon 1994 and Vernon
Supp. 1998) (sexual assault on a victim under the age of fourteen is an aggravated sexual assault and is a first degree
felony).

2. The testimony at the new trial hearing revealed that juror Rayniak was the only person who ever considered
probation. Rayniak testified that at the first vote about nine of the jurors wanted Rogers incarcerated for life without the
possibility of parole. At the time T.M. imparted the information that she had been a victim, two thirds of the jurors still
wanted to impose a sentence of eighty years or more. There was no evidence of what influence, if any, T.M. had in
determining the fifty year sentence that the jury ultimately imposed.



Return to
4th Court of Appeals Opinions